UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD A. GARY

        Plaintiff,

    v.

M. SPEARMAN, Warden, et al.,

        Defendants.

Case No. C 14-0057 KAW (PR)

**ORDER OF PARTIAL SERVICE**

      Plaintiff Reginald Gary, a state prisoner incarcerated at Deuel Vocational Institution, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by staff at the Correctional Training Facility ("CTF") in Soledad, where he was previously incarcerated. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

## DISCUSSION

I.    Standard of Review

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

II.     Plaintiff's Claims

In his complaint, Plaintiff alleges the following. Warden M. Spearman failed to warn Plaintiff about the harmful effect of the daily pesticide spraying of the grape vines next to the prison by airplanes. Chief Deputy Warden Hedgpeth knew or should have known that a posting of a notice regarding the spraying of pesticides was mandated, and he failed to post information

about the pesticides being sprayed. Both Business Officer R. White and Public Information Officer Ramon knew that posting about the pesticide spraying was mandatory and they failed to post a warning.

Plaintiff attaches exhibits to his complaint, in which he alleges that, as a result of exposure to the pesticides, his eyes burn and he coughs. In response to Plaintiff's administrative appeal, M. Taina, Associate Hazardous Materials Specialist, states:

> when the adjoining farms are spraying pesticide, I am sent a fax showing the chemical materials being sprayed. Upon receiving the fax about the pesticides being applied, I send a template form of a "Now Here This" Spray Pesticide Notification to the Public Information Officer. From that point on, the "Now Here This" Spray Pesticide Notification is handled from their office, signed by the Warden and distributed it [sic] out.
>
> All future pesticide spray notifications from adjoining ranch land will be sent to the Public Information Office, with a notation stating that all "Now Hear This" Pesticide Spraying Notices will be distributed and posted to all the Housing Units and Dorms throughout the Correctional Training Facility.

M. Traina, Appeal Response, Sept. 17, 2013.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner thus may state a § 1983 claim under the Eighth Amendment against a prison official where such official acts with "deliberate indifference" to the threat of serious harm or injury to the prisoner from dangerous prison conditions. *See, e.g., Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (finding failure to provide safe and accessible prison environment may constitute deliberate indifference to serious risk of harm to mobility-impaired inmate); *Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (finding failure to provide protective gear to inmate forced to remove asbestos constituted deliberate indifference to inmate's safety). The failure of a prison official to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the objective component – the deprivation alleged must be sufficiently serious, and (2) the subjective component – the prison official must possess a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 837. Neither negligence nor gross negligence constitute

deliberate indifference. *Id.* at 835-36 & n.4.

In his complaint, Plaintiff only alleges that Defendants knew or should have known that notice regarding the pesticide spraying should have been posted. This is insufficient to show that Defendants' actions caused an Eighth Amendment violation. However, M. Taina states that he sent a fax about the spraying to CTF's information officer which was meant to be signed by the Warden and distributed. This shows that Public Information Officer Ramon and Warden Spearman did or should have known about the pesticide spraying and the requirement to post information about it. Therefore, liberally construed, the complaint alleges an Eighth Amendment violation based on dangerous prison conditions against Warden Spearman and Public Information Officer Ramon. The complaint does not contain sufficient facts to show that Chief Deputy Warden Hedgpeth or Mr. White knew of the pesticide spraying, knew that information about it was meant to be posted and that they were responsible for the posting. Therefore, the claims against Chief Deputy Warden Hedgpeth and Mr. White are dismissed with leave to amend for Plaintiff to remedy this deficiency, if he truthfully can do so.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for dangerous prison conditions against Warden Spearman and Public Information Officer Ramon.

2. Plaintiff's Eighth Amendment claim against Chief Deputy Warden Hedgpeth and Mr. White is dismissed with leave to amend. Plaintiff may file an amended complaint remedying the deficiencies noted above within twenty-one days from the date of this Order. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. If Plaintiff does not file an amended complaint within the designated timeframe, his claims against these Defendants will be dismissed without leave to amend and his claim against Warden Spearman and Public Information Officer Ramon will

1  proceed in accordance with the schedule set forth below.

2        3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of
3  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
4  (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or
5  Declination to Magistrate Judge Jurisdiction" to CTF Defendants Warden Spearman and Public
6  Information Officer Ramon.</u>  The Clerk shall also mail a copy of the complaint and a copy of this
7  Order to the State Attorney General's Office in San Francisco, and a copy of this Order to
8  Plaintiff.

9        4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require
10 them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant
11 to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of
12 Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of
13 such service unless good cause be shown for their failure to sign and return the waiver forms.  If
14 service is waived, this action will proceed as if Defendants had been served on the date that the
15 waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve
16 and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This
17 allows a longer time to respond than would be required if formal service of summons is
18 necessary.)

19       Defendants are advised to read the statement set forth at the foot of the waiver form that
20 more completely describes the duties of the parties with regard to waiver of service of the
21 summons.  If service is waived after the date provided in the Notice but before Defendants have
22 been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for
23 waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

24       5. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or
25 before the date their answer is due.

26       6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil
27 Procedure.  The following briefing schedule shall govern dispositive motions in this action:

28       a. No later than <u>thirty</u> days from the date his answer is due, Defendants shall file a

5

motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

  b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  c. Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: 3/19/14

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE